NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL GARCIA-MORA,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III, Attorney General,<br><br>Respondent. | Nos.   12-73434<br>          13-70915<br><br>Agency No. A088-734-359<br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Miguel Angel Garcia-Mora, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

(No. 12-73434), and of the BIA's subsequent denial of his motion to reopen removal proceedings (No. 13-70915). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

As to petition No. 12-73434, substantial evidence supports the agency's adverse credibility determination based on Garcia-Mora's changing story as to the past harm he experienced and his fear of persecution in Mexico. *See Shrestha*, 590 F.3d at 1048; *Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (adverse credibility determination supported by omission of crucial facts from asylum application). Garcia-Mora's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We reject Garcia-Mora's contention that the agency erred in its consideration of his corroborative evidence. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). Thus, in the absence of credible testimony, in this case, Garcia-Mora's asylum and withholding of removal claims fail. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014). We reject as unsupported by the record Garcia-

2                                                                                    12-73434

Mora's contention that the agency failed to consider his CAT claim.

As to petition No. 13-70915, the BIA did not abuse its discretion in denying Garcia-Mora's motion to reopen where Garcia-Mora admitted in his underlying proceedings that he was present without being admitted or paroled, and the I-94 he submitted in support of his motion did not establish a prima facie case of eligibility for adjustment of status under 8 U.S.C. § 1255(a). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9th Cir. 2007) (explaining how the government may indicate its intent to exercise parole authority that would permit the parolee to adjust status); *Najmabadi*, 597 F.3d at 986 (the BIA can deny a motion to reopen for failure to establish a prima facie case of eligibility for the relief sought). We reject Garcia-Mora's contention that he should not be bound by his prior admissions, because he has not shown his prior admissions were erroneous. *See Perez-Mejia v. Holder*, 663 F.3d 403, 416-17 (9th Cir. 2011). In light of our disposition, we do not reach Garcia-Mora's remaining contention.

**PETITIONS FOR REVIEW DENIED.**